UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Cody Gigliotti

      v.                                                        Case No. 24-cv-292-SM-AJ

LADAC Dian York et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is self-represented Plaintiff Cody Gigiliotti's Complaint (Doc. No. 1), and attachment to the Complaint (Doc. No. 1-2),[2] filed while Mr. Gigliotti was incarcerated at the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire.[3] The complaint is before this magistrate judge for preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

PRELIMINARY REVIEW STANDARD

The court conducts preliminary review of prisoner complaints under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1) to determine, among other things, whether the complaint states a claim upon which relief might be granted. In conducting its preliminary review,

---

[1] In his Complaint (Doc. No. 1), Plaintiff Cody Gigliotti names the following defendants to this action: Licensed Alcohol and Drug Abuse Counselor ("LADAC") Dian York; Northern New Hampshire Correctional Facility ("NCF") Captain Nadeua, whose first name is unknown ("FNU"); LADAC FNU Lyon; NCF Major FNU Newton; and NCF Lieutenant FNU Machol.

[2] The court construes the attachment (Doc. No. 1-2) to the Complaint as part of the Complaint for all purposes. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3] According to the New Hampshire Department of Corrections Inmate Locator, Mr. Gigliotti is presently in Community Corrections. See https://business.nh.gov/inmate_locator/ (last viewed Nov. 3, 2025).

the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away legal conclusions, and considers whether the plaintiff has stated a claim.  See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The court may dismiss claims asserted in a prisoner's complaint if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b).

## BACKGROUND

The court draws the following facts from Mr. Gigliotti's Complaint, liberally construed.  See Erickson, 551 U.S. at 94.  In the Complaint, Mr. Gigliotti asserts that, in order to be granted parole to the community prior to his maximum release date, he is required to complete the FOCUS program, which, it appears, is a rehabilitative program at NCF related to drug and alcohol abuse.  Mr. Gigliotti names, as defendants to his claims:  Licensed Alcohol and Drug Abuse Counselor ("LADAC") Dian York; NCF Captain Nadeua, whose first name is unknown ("FNU"); LADAC FNU Lyon; NCF Major FNU Newton; and NCF Lieutenant FNU Machol.

Mr. Gigliotti asserts that he has "tried the [FOCUS] Program more than once and every time there [seems] to be an issue."  Doc. No. 1, at 2.  Mr. Gigliotti states that the first time he tried to complete FOCUS he requested to be placed into protective custody because a gang member was pressing him for his television and canteen because he owes money to a member of the "GS" and "BOWW" gangs at the prison.  Mr. Gigliotti

contends that his request was denied because NCF officials wrongly claimed that he had no protective custody issue. The court infers from Mr. Gigliotti's allegations that he left the FOCUS program because he was denied protective custody. Mr. Gigliotti does not state what happened on any other occasion that he tried to, but did not, complete the FOCUS program.

Mr. Gigliotti states that he is afraid to live on any FOCUS unit at NCF because he owes money to a prison gang member. He further asserts that when he tried to communicate that to security officials at NCF, he was told to write to the LADACs, and that when he tried to seek assistance with his concerns from the LADACs, they told him to write to security officials. Mr. Gigliotti asserts that he has been told that if he does not complete FOCUS he will not be granted parole, and will have to serve his maximum sentence.

### CLAIMS[4]

Considering the assertions in Mr. Gigliotti's Complaint and attachments thereto, and liberally construing the Complaint, the court has made its best efforts to identify the claims asserted therein, see Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), which are as follows:

1. Defendants failed to protect Mr. Gigliotti, when he attempted to complete the FOCUS program, from one or more gang members who reside on FOCUS units at the prison to whom he owes money and who have pressured him for his television and canteen, by denying him protective custody, in violation of his Eighth Amendment right to have prison officials protect him from harm.

---

[4] The claims identified in this Order will be considered to be the claims asserted in this case for all purposes. If Mr. Gigliotti disagrees with the identified claims, he must object to this Report and Recommendation and/or move to amend his Complaint to identify what claims he intends to assert in this matter.

2. Defendants failed to provide Mr. Gigliotti with access to FOCUS, a rehabilitative program at the prison, which he must complete in order to be granted parole to the community prior to his maximum release date, by denying him protective custody, and thus requiring him to live on a FOCUS unit in order to complete that program, when he fears one or more gang members on the FOCUS unit to whom he owes money, in violation of his Eighth Amendment right to have access to rehabilitative programming which is a prerequisite to his being granted parole.

## DISCUSSION

Mr. Gigliotti filed his Complaint under 42 U.S.C. § 1983, which "'supplies a right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law.'" 3137, LLC v. Town of Harwich, 126 F.4th 1, 8 (1st Cir. 2025). Here, Mr. Gigliotti asserts that the defendants, acting under color of state law as they are NCF employees and officials, violated his rights secured by the Eighth Amendment to the U.S. Constitution.

I.   Failure to Protect

Under the Eighth Amendment, "[p]rison officials have a duty to ... 'take reasonable measures to guarantee the [health and] safety of the inmates.'" Giroux v. Somerset Cty., 178 F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To state a claim that a prison officer failed to protect a prisoner in violation of the Eighth Amendment, the prisoner must allege facts showing that the officer was deliberately indifferent to a significant risk to the prisoner's health or safety. See Farmer, 511 U.S. at 834. A prison official or officer is not deliberately indifferent to an inmate's safety "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

4

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Mr. Gigliotti does not allege actual or threatened physical harm, and asserts no facts in the Complaint which suggest that he was, at any time, at risk of physical harm. Mr. Gigliotti describes a fear of living on the FOCUS unit and his perceived need for protective custody, but the only specific conduct described in the complaint as forming a basis for that fear is gang pressure to pay a debt by relinquishing his television and canteen.

Accordingly, Mr. Gigliotti has failed to allege a "substantial risk of serious harm," id., as is required to state an Eighth Amendment claim against any of the defendants for failing to protect him. In addition, even if Mr. Gigliotti asserted facts sufficient to plead a plausible risk of serious harm, the facts alleged in the complaint are insufficient to demonstrate that any specific defendant acted with deliberate indifference, by disregarding a substantial risk of serious harm to Mr. Gigliotti's health and safety which the defendant knew would occur if Mr. Gigliotti were housed on a FOCUS unit. See Burrell v. Hampshire Cty., 307 F.3d 1, 8 (1st Cir. 2002) ("Prison officials cannot be indifferent . . if they are unaware of the risk."). Accordingly, the district judge should dismiss Mr. Gigliotti's Eighth Amendment failure to protect claim for failure to state a claim upon which relief might be granted.

II.     Denial of Access to Rehabilitation Program

To the extent Mr. Gigliotti is asserting a claim alleging a constitutional violation based on the denial of access to rehabilitation, or a specific rehabilitative program, such

claim is without merit. "[I]nmates have no federal constitutional right to participate in rehabilitative programs while incarcerated." Stile v. U.S. Marshals Serv., Case No. 15-cv-494-SM, 2016 U.S. Dist. LEXIS 83750, at *14, 2016 WL 3571423, at *5 (D.N.H. May 9, 2016) (citing Fiallo v. De Batista, 666 F.2d 729, 730 (1st Cir. 1981)), R&R approved, 2016 U.S. Dist. LEXIS 83747, at *1, 2016 WL 3582027, at *1 (D.N.H. June 27, 2016). The assertions in Mr. Gigliotti's Complaint, therefore, fail to state a claim for the denial of access to a rehabilitative program upon which relief can be granted.

III.     Parole Eligibility

Mr. Gigliotti alleges that he will not be able to obtain parole if he does not complete the FOCUS program and will have to serve his maximum sentence. That assertion, however, fails to state a claim. Mr. Gigliotti has no right to be paroled, and thus, the inability to access a program without which he will be denied parole, does not violate the Constitution. See Sweeney v. N.H. State Prison, No. 12-cv-276-SM, 2012 U.S. Dist. LEXIS 178714, at *6-*7, 2012 WL 6839786, at *2 (D.N.H. Dec. 18, 2012), R&R approved, 2013 U.S. Dist. LEXIS 4856, at *1, 2013 WL 139927, at *1 (D.N.H. Jan. 9, 2013); Swarthout v. Cooke, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." (citation omitted)); Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir.2002) (New Hampshire state prisoners have no right to parole under federal or New Hampshire law and an inmate who is not granted parole because he failed to complete a treatment program has not suffered the deprivation of any constitutionally protected liberty interest). To the extent

Gigliotti asserts claims concerning the denial of parole, those claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the Complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 4, 2025

cc:   Cody Gigliotti, pro se